**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08092-001-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Rappylee Bateman, et al., | |
| Defendants. | |

Before the Court is Third Party United Rentals, Inc.'s Motion to Quash Trial Subpoena (Doc. 751) under Federal Rule of Criminal Procedure 17(c)(2). Defendants, Torrance Bistline and LaDell Bistline Jr., filed a Response (Doc. 759). The Court has considered the pleadings and relevant caselaw and will grant the Motion for the following reasons.

**I.   BACKGROUND**

This case arises out of Defendants' ongoing criminal trial relating to, among other things, their involvement in an alleged conspiracy to traffic minors for sexual activity and subsequent destruction of and tampering with evidence. Around August 15, 2024, before trial began, and months after the defense disclosure deadline, Torrance Bistline subpoenaed United Rentals to produce any and all files related to communications between him or his company, VelociWrapper, and United Rentals. (Doc. 751; Doc. 751-1 at 2.) He also sought any and all communications between United Rentals and Moroni Johnson.[1] (Doc.

---

[1] Moroni Johnson is a Defendant in a directly related case, *United States v. Moroni Johnson*, CR-24-08016-PCT-SMB.

751-1 at 2.) United Rentals seeks to prevent the production of those materials. (Doc. 751.)

United Rentals executed a "Master Sourcing Agreement" (the "Agreement") with VelociWrapper and affiliated Toro Design Manufacturing, LLC ("Toro") on November 10, 2022. (Doc. 751 at 2; Doc. 759 at 2; Doc. 759-2.) Defendant Samuel Bateman and Moroni Johnson negotiated the Agreement to supply United Rentals with various packaging materials and equipment. (Doc. 759 at 2; Doc. 759-2 at 30.) United Rentals sent VelociWrapper a termination notice on December 19, 2022, becoming effective January 18, 2023. (Doc. 759-1 at 2.)

Torrance Bistline seeks the documents to support a defense that Moroni Johnson fabricated allegations against him after he was terminated from VelociWrapper. (Doc. 759 at 2.) Torrance Bistline contends that the documents will reveal Moroni Johnson's role in terminating the Agreement and the various parties' involvement in the working with Toro and VelociWrapper. (*Id.*) As such, he will use the documents to impeach Moroni Johnson through demonstrating his potential bias and motivations. (*Id.*)

## II.   LEGAL STANDARD

Courts may modify or quash a subpoena "if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). A proponent of a subpoena under Rule 17(c) must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Lacey*, CR-18-00422-001-PHX-SMB, 2021 WL 511209, at *1 (D. Ariz. Feb. 11, 2021) (collecting cases). Information sought for impeachment purposes alone is insufficient to justify the pretrial production of documents. *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981). Additionally, a party seeking production prior to trial must show that the requested evidence is "not otherwise procurable reasonably in advance of trial by the exercise of due diligence" and the party cannot properly prepare for trial without production of the document in advance. *United States v. Nixon*, 418 U.S. 683, 699 (1974). Rule 17(c) is not intended to provide a means of discovery in criminal cases. *Id.*

## III.   DISCUSSION

United Rentals argues that Torrance Bistline failed to meet his burden to compel

production of the documents. (Doc. 751 at 5.) Specifically, United Rentals argues: (1) the documents are irrelevant to Torrance Bistline's defense; (2) the documents were reasonably procurable before trial with exercise of due diligence; (3) Torrance Bistline failed to sufficiently specify his proffered reasons for production; (4) the documents are hearsay; and (5) the subpoena is "patently unreasonable." (Doc. 751 at 5–9.)

First, Torrance Bistline contends the documents are relevant to his defense. (Doc. 759 at 3.) He seeks to use the documents to impeach Moroni Johnson, demonstrate Moroni Johnson's motivation in fabricating allegations against him, and provide a comprehensive view of the events leading up to the Agreement's termination. (*Id.*) In that regard, Torrance Bistline seeks to show Moroni Johnson revealed disparaging information about him to influence the termination of the Agreement. (Doc. 759 at 2–3.) In communicating with United Rental's counsel, Torrance Bistline's counsel referred to the Subpoena as a "side issue" intended to supplement her questioning of Moroni Johnson at trial (Doc. 751-1 at 5–6)—i.e., the Subpoena's sole purpose is to facilitate impeaching Maroni Johnson. Torrance Bistline's counsel alludes that the documents will provide a "comprehensive view of the events leading up to the contract's termination." (Doc. 759 at 3.) But that background lays the groundwork for the impeachment of Moroni Johnson, not the broader defense generally. *See Fields*, 663 F.2d at 881 (noting impeachment purposes alone are insufficient).

Second, the Subpoena demands all documents related to Torrance Bistline's communications with United Rentals. However, his counsel posits that United rentals "exclusively" holds the relevant documents. (Doc. 759 at 3.) Counsel fails to explain how or why Torrance Bistline does not have his *own* communications with his company and United Rentals.

Third, as noted, Torrance Johnson's counsel indicated she was primarily concerned with the communications between Moroni Johnson and United Rentals, however, the Subpoena lacks any such specificity. (*See* Doc. 751-1 at 5.) Even so, impeachment alone is insufficient to warrant production of the emails between Maroni Johnson and United

Rentals. *See Lacey*, 2021 WL 511209, at *2. Moreover, pretrial discovery is the appropriate avenue for such a request and this Subpoena appears to embark on a fishing expedition using the subpoena process as a discovery tool for helpful evidence. *See id.*

Fourth, it is unclear that the documents would be admissible at trial, Torrance Bistline has failed to provide any reason to supports its admissibility. (*See* Doc. 759 at 4.)

Lastly, as United Rentals notes, the Subpoena requests "any and all" information related to Moroni Johnson and Torrance Bistline's communications between the companies. As discussed, this request lacks sufficient specificity. Further, it lacks any limiting information to narrow the scope, like timeframe or subject.

The Court will grant United Rentals' Motion because Torrance Bistline has failed to meet his burden to show relevancy beyond impeachment purposes, admissibility, and specificity.

**IV.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** granting United Rentals' Motion to Quash Trial Subpoena (Doc. 751) and quashing the "Subpoena to Produce Documents, Information, or Objects in a Criminal Case" issued by Defendant Torrance Bistline to United Rentals.

Dated this 16th day of September, 2024.

Honorable Susan M. Brnovich
United States District Judge