1 **FAUSSETTE & FAUSSETTE, PLLC**
Jacob Faussette, SBN 027505
2 3800 North Central Ave., Ste. 615
Phoenix, Arizona  85012
3 Phone:  (602) 466.1697
4 jacob@faussettelaw.com

5 *Attorney for Defendant*

6

7 IN THE UNITED STATES DISTRICT COURT

8 DISTRICT OF ARIZONA

9 United States of America,

10          Plaintiff,

11      vs.

12 Ladell Jay Bistline, Jr.,

13          Defendant.

Case No.: 3:22-cr-08092-006-PCT-SMB

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, Defendant, Ladell Jay Bistline, Jr., by and through undersigned counsel, hereby submits this sentencing memorandum to this Honorable Court.  Mr. Bistline was found guilty to Count 12: Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256; Count 13: Transfer of Obscene Material to a Minor, Aid and Abet, in violation of 18 U.S.C. §§ 1470 and 2; Counts 27 and 31: Persuading or Coercing Travel to Engage in Sexual Activity, in violation of 18 U.S.C.§§ 2422(a) and 2; §§ 2252(a)(2), (b)(1), and 2256; Counts 28 and 32:  Using a means of Interstate Commerce to Persuade or Coerce a Minor to Engage in Sexual Activity, Aid and Abet, in violation of 18 U.S.C. §§ 2422(b) and 2; and Counts 29 and 33: Transportation of a Minor for Criminal Sexual Activity,

Aid and Abet, in Violation of 18 U.S.C. §§ 2423(a) and 2—of the Third Supervening Indictment. Sentencing is scheduled before this Court on February 19, 2025. Mr. Bistline requests a variance from this Court, specifically considering the unique circumstances attributed to the character, background and support presented in this case; and sentence him to a term of incarceration below two hundred and forty months; a term below the Presentence Investigation Report ("PSR") prepared and submitted by U.S. Probation Officer Rebecca L. Briggs.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Legal Basis**

Pursuant to 18 U.S.C. § 3553(a)(2), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with" the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant;
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In *United States v. Booker*,[1] the United States Supreme Court decided the Constitution mandated that the Sentencing Guidelines are merely advisory. Subsequent decisions by the Supreme Court[2] have made it clear that after calculating and considering the appropriate range under the Sentencing Guidelines, the Court is free to impose a sentence consistent with the factors set forth in 18 U.S.C. § 3553, but outside the strictures of the Guidelines.

. . .

---

[1] 543 U.S. 220, 125 S.Ct. 738 (2005).

[2] *See Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007); *Gall v. United States*, 552 U.S 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558 (2007).

## II. Facts of the Case

The Defense agrees, for the most part, with the summation of the facts presented in the PSR. (DOC. 820 ("PSR") ¶¶ 9 - 88).

## III. Request for Reasonable Sentence

The Defendant respectfully requests this Court impose a reasonable sentence of an incarceration term less than seventy months and three years of supervised release. Although the PSR recommends seventy months in the BOP, Defendant believes this is not a reasonable sentence for the following reasons:

1) Mr. Bistline is before this Court on his first adult criminal matter within the United States.
2) Mr. Bistline was an average participant in this matter.
3) Mr. Bistline is a devout member of the FLDS community (most of whom still believe Warren Jeffs is the "Prophet" of their religion—including those who testified against Mr. Bistline at trial).
4) Looking at the situation and the factors outlined in 18 U.S.C § 3553(a)(2), a term of incarceration below two hundred and forty months reflects the seriousness of what occurred, would serve as a deterrent to others and Mr. Bistline, and would further protect the public.
5) Such a sentence is in accord with the factors enumerated above and would allow Mr. Bistline the ability to set an example to his family and the FLDS community to take responsibility for his actions and to allow Mr. Bistline to continue pursuing his dreams. Mr. Bistline is an educated individual who enjoys working with his hands. He is extremely committed to remaining crime free and becoming a better man, father and family member. Lastly, Mr. Bistline understands the seriousness of his actions, the impact following Samuel Bateman had on his family and the community, and his poor decisions leading to his interaction with criminal society Samuel Bateman wove together to justify their belief that Sam Bateman was their "Prophet"—ultimately leading to his arrest and charges.

3

6) Finally, Mr. Bistline wasn't on the path or trajectory directing him towards the life of criminal activity (even as an active member in FLDS); however, Samuel Bateman's influence over Mr. Bistline's lifestyle and religion surmounted his ability to provide the necessities for his family. Suffice it to say, Mr. Bistline regrets his choice to follow Samuel Bateman and will abstain from ever committing crimes again.

## III. Conclusion

In summation, sentencing Mr. Bistline to a term of incarceration below two hundred and forty months is an appropriate sentence for this matter. It also serves as a deterrent to both Mr. Bistline and others in his situation. More significantly, it will serve as just punishment for Mr. Bistline, driving the importance that he will know he cannot take part in future felonious activities (regardless of religious affiliation) without the guaranteed possibility of going to prison for the rest of his life. Mr. Bistline promises to remain law abiding and will never come before this Court for any felonious activity in his future. Going forward, he wishes to remain a hardworking, loving and caring/supporting loved one.

Respectfully Submitted February 11, 2025.

Faussette & Faussette, PLLC

By:    /s/Jacob Faussette
     /s/Jacob Faussette
     Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

1  The Honorable District Court Judge Susan M. Brnovich

2  Dimitra Sampson, Ryan Powell, Jillian Besancon, Assistant United States Attorneys

3  LaDell Jay Bistline, Jr., 60788-510, Central AZ Florence Correctional Complex

4  By:  /s/ Char Snyder
5        Char Snyder